# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS,

### AT THE JANUARY TERM, A. D. 1856.

---

## COCHRAN VS. JORDAN, SPECIAL ADM.

The statutory judgment on a forfeited delivery bond, is perfect, immediately upon the forfeiture, unless set aside for cause at the return term of the execution, without any action of the court confirming the judgment: and as the original judgment is extinguished, *eo instanti*, upon the forfeiture, by the statutory judgment, a writ of error will not lie to the original judgment, though sued out before the return term of the execution.

*Writ of Error to Clark Circuit Court.*

FLANNAGIN, for the plaintiff.

JORDAN, for defendant.

Mr. Justice SCOTT delivered the opinion of the Court.

To the writ of error issued in this case, on the 11th September, 1855, the defendant in error has interposed his plea, setting up

that on the 28th of April next preceding, the plaintiff below sued out execution on the judgment in question, returnable into the Circuit Court of Clark county, from whence it issued, the 19th of September next following. That on the 21st of May, this writ was levied upon personal property, which was re-delivered to the defendant below, upon his executing in due course with security, the statutory bond, for the delivery of the same, on the 4th day of June following, to the sheriff of Hempstead county, to whom the writ was sent. That the property was not delivered in accordance with the bond, and that the latter became forfeited, and was returned with the writ of execution by the sheriff, wholly unsatisfied. To this plea, a demurrer has been interposed, and the other party has joined.

In support of the demurrer, it is urged that, because, at the return term of the writ of execution, that, as well as the forthcoming bond returned with it, may be quashed for defects apparent upon their face, it should be holden that the statutory judgment, which springs into being upon the forfeiture of a forthcoming bond, is but *in fieri*, or interlocutory, until after the lapse of that term.

Upon a parity of reasoning, it might be urged, that an ordinary judgment of the Circuit Court should not have the force and effect of one, until after the lapse of the period limited for the suing out of a writ of error, which no one would pretend, since from time immemorial it has been supposed that a judgment of a court of record was none the less a judgment of such a court, with all its legal consequences, because of the possibility that by some future proceeding in the law courts, before these should be closed to the opposite party by lapse of time, and the equity courts alone remain for him, its judgment should be held for nought.

In the same sense that the common law is the author of the judgment of a court of record, and establishes its effects and consequences, our statute is the author of that species of judgment, we are now considering, and establishes their effects and conse-

quences. Both operate upon the parties and persons bound by them, by way of estoppel, the one by matter of record; the other by matter *in pais*. It is by express statutory enactment, that upon the forfeiture of a forth-coming bond, that forfeiture has the force and effect of a judgment against all the obligors in the bond, for the amount due upon the record judgment, which it, *eo instanti*, extinguishes, upon the principle that a party cannot have more than one judgment for the same subject matter at the same time. *Phillips et al. vs. Wills, Pease, & Co.*, 14 *Ark. R.* 597; *Biscoe et al. vs. Sandefur et al., ib.* 583. If, at the return term of the execution, this statutory judgment should be overturned by a quashal of the execution and bond for any of the causes indicated, the original judgment would be reviewed, just as the original cause of action would be reviewed by the reversal on error of the record judgment itself, in which, during its existence, the cause of action was merged.

It requires no action of the Circuit Court at the return term of the execution to confirm these statutory judgments, and make them final, as we have already said, in the case. *J. & W. Siniser vs. Robertson & Hudson*, 16 *Ark. Rep.*, but they stand, by operation of the statute, out of the course of the common law, and are in full life, even without the return of the sheriff, which the law requires him to make within two days after the forfeiture; because, as we have said in *Ruddel vs. Magruder*, 6 *Eng. R.* 584, this return is but the evidence of the forfeiture upon which the clerk is to act : and hence, the want of it does not make the fact of forfeiture any the less a fact, and is to be enforced by rule and attachment, at the application of any party interested, either for or against the validity of the forth-coming bond.

In the light of these views, we think it inevitable that the plea is good. The demurrer must, therefore, be overruled, and judgment rendered accordingly.